1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

7   CLAUDE CLEANTE,                          )
8                          Plaintiff,        )         Case No. 2:13-cv-1930-MMD-GWF
                                             )
9   vs.                                      )         **ORDER**
                                             )
10  LOCAL UNION 226,                         )         Application to Proceed *In Forma*
                                             )         *Pauperis* (#1)
11                         Defendant.        )
    _____      )
12

13          This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#1) and

14  Complaint (#1-1), filed on October 22, 2013.

15                                    **DISCUSSION**

16  **I.      Application to Proceed In Forma Pauperis**

17          Plaintiff filed this instant action and attached a financial affidavit to his application and

18  complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28

19  U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee. As a result, Plaintiff's request to

20  proceed in forma pauperis in federal court is granted.

21  **II.     Screening the Complaint**

22          Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

23  complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

24  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief

25  may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from

26  such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to

27  state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove

28  no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d

791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.    Plaintiff's Complaint

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Rule 8(a)(2) pleading standard does not require detailed factual allegations.  *Id*. at 678.  However, to state a plausible claim for relief, a complaint must contain both sufficient factual allegations (i.e. names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability.  *See Iqbal*, 556 U.S. 662, 678-79.  A complaint that merely offers "labels and conclusions" will be dismissed.  *Id*.

Here, Plaintiff's Complaint fails to satisfy Rule 8's standards.  First, the Complaint does not provide any jurisdictional basis explaining why Plaintiff's case should be heard in federal court.  The Civil Cover Sheet (#1-2) attached to Plaintiff's Complaint alleges jurisdiction based on Defendant's status as a U.S. Government entity.  *See Doc. #1-2*.  The only named Defendant, however, is Local Union 226, the Culinary Workers Union,  which is not a government entity.  Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The burden of proving jurisdiction rests on the party asserting jurisdiction.  *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936).  Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met.

1    Additionally, aside from the caption, Plaintiff does not identify who the parties are in his

2    proposed Complaint.  The complaint must identify the relevant parties so the court can determine

3    whether it may exercise jurisdiction over the named individuals.  *See Int'l Shoe Co. V. Washington*, 326

4    U.S. 310 (1945) (discussing federal court's limited power of personal jurisdiction).  The Plaintiff refers

5    to the Wynn Company, union representatives, Mr. J.T. Thomas, Mr. Jerry Poet, and Mr. John Cayson,

6    however, the Plaintiff fails to identify the named Defendants to this action within his Complaint.

7    Furthermore, the Complaint does not provide a short and plain statement of the facts of

8    Plaintiff's case as required by Rule 8.  *See* Fed. R. Civ. P. 8(a)(2).  Plaintiff's Complaint seems to be

9    missing pages, beginning in what appears to be the middle of his argument.  As the Court understands

10   parts of Plaintiff's Complaint, an employee of Wynn (presumably Plaintiff), was terminated after

11   refusing to sign four written violations against the employee.   Plaintiff makes a conclusory statement

12   that the union representative did not show interest in helping the employee, since he "was presumably

13   not making any more bribery money."  *See Doc. #1-1* at pg. 4.  The Complaint, however, then states that

14   a union representative met with Plaintiff to assist him in filing a grievance, but then cuts off and

15   provides some tribunal's findings against the employer pursuant to Nevada State Law.  *Id.*  Rule 8 does

16   not require detailed factual allegations, however, conclusory allegations do not suffice.  *See Ashcroft v.*

17   *Iqbal*, 556 U.S. 662, 678 (2009).  The Supreme Court has stated that the facts alleged in a complaint

18   must be "plausible." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that

19   allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

20   *Id.*  In this instance, Plaintiff has not plead sufficient facts to put a defendant on notice of his or her

21   alleged misconduct.

22   Lastly, Plaintiff's Complaint does not state any claim for relief against Local Union 226.  *See*

23   Fed. R. Civ. P. 8(a)(3) (stating that the complaint must contain a "demand for the relief sought, which

24   may include relief in the alternative or different types of relief").

25   Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted.  The Court

26   will grant Plaintiff leave to amend his Complaint in accordance with the above discussion. In the event

27   Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court

28   cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that

an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Complaint is **dismissed** without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have **thirty (30) days** from the date that this Order is entered to file his Amended Complaint, if he believes he can correct the noted deficiencies. Failure to comply with this Order may result in the dismissal of this action.

DATED this 21st day of April, 2014.

GEORGE FOLEY, JR.
United States Magistrate Judge

4